**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CATHERINE SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00808-M |
| | § | |
| MONEYGRAM INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## <u>SCHEDULING ORDER</u>

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Scheduling Order.  Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:**  This case is set for jury trial on this Court's three-week docket beginning Monday, June 24, 2024, at 9:00 a.m.  Counsel and the parties must be ready for trial on two (2) days' notice at any time during this three-week period, unless the Court allows otherwise at the pretrial conference.  Any potential conflicts which can now be contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Order.

2. **Joinder of Parties:**  By July 10, 2023, all motions requesting joinder of additional parties shall be filed.  Except when parties are joined by amendment pursuant to Paragraph 3 of this Scheduling Order, parties may be joined only upon motion to the Court.

1

3. **Amendment of Pleadings:**  By August 9, 2023, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph.  The amending party shall attach as an exhibit to the amended complaint a redlined version of the complaint.  The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline.  Thereafter, a party may only amend the pleadings by leave of Court, upon a showing of good cause.

4. **Dispositive Motions:**  All motions that would dispose of all or any part of this case, including motions for summary judgment**,** shall be filed by February 26, 2024.  Cross-motions for summary judgment shall not, except in truly extraordinary circumstances, be permitted to be filed after the dispositive motion deadline.  If the parties seek to extend the dispositive motion deadline closer to the trial date than 90 days, such an extension may mean that the Court may not be able to decide such motions before trial.  Delay in deciding motions will not affect the trial date.  Briefs in support of responses to summary judgment motions shall be subject to the page restrictions contained in Local Rule 56.5(b).  The inclusion of a dispositive motion deadline does not mean that the parties can file more than one motion for summary judgment.  If such a motion was filed by a party, that party would have to seek leave to file any additional motion(s) for summary judgment.

5. **Initial Designation of Experts:**  Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each expert witness who will testify at trial on such issue(s) and otherwise comply with Fed. R. Civ. P. 26(a)(2) on or before October 9, 2023.

6. **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each expert witness who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) on or before November 8, 2023.

7. **Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed no later than March 26, 2024.

8. **Pretrial Disclosures and Objections:** Unless otherwise directed by Order, the parties must make the disclosures required by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) by June 3, 2024. Within seven (7) days thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

9. **Completion of Discovery:** By January 26, 2024, all fact and expert discovery shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) prompt written notice of the extension is given to the Court. A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions.

10. **Settlement Status Report and Settlement Conference:**  Counsel, or the respective party if not represented by counsel, are directed to confer and file with the Court by August 9, 2023, a joint report setting forth the status of settlement negotiations and the specific efforts made by the parties to resolve this case.  If no efforts have been made, the parties must state the reasons why no settlement efforts have occurred.  Counsel shall include in such report a statement about their views about ADR (timing and preference for provider, if any), and desire for a settlement conference to be conducted by the Magistrate Judge.  Not later than May 27, 2024, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case.  All parties must make a good faith effort to settle this case.  At the conclusion of this conference, counsel must, within three business days, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

11. **Pretrial Materials:**

   a.  By June 3, 2024, the following pretrial materials must be filed:

   i.  **Pretrial Order:** A joint pretrial order shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the estimated length of trial.  If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate).  However, failure to agree upon content or language is not an excuse for submitting separate pretrial orders, since each party may present its version of any disputed matter in the joint pretrial order.  When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.  Parties shall summarize their claims and defenses in the pretrial order.

   ii.  **Witness List:** Each party must file a list of witnesses who may be called by each party in its case in chief.  Each witness list shall contain a brief narrative summary of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness' testimony at trial is "probable," "possible," "expert," or "record

custodian."  A copy of this list must be furnished to the Court reporter prior to trial.

iii. **Exhibit List and Deposition Testimony:**  A list of exhibits and a designation of portions of depositions to be offered at trial shall be filed by each party.  The list of exhibits shall describe the documents or items in numbered sequence.  The documents or items to be offered as exhibits shall be numbered by attachment of labels to correspond with the sequence on the exhibit list.  In addition, counsel for each party intending to offer exhibits shall exchange a set of marked exhibits and a copy of them on electronic media with opposing counsel at least 14 days before the scheduled date for trial and shall deliver a set of exhibits in both formats to the Clerk's Office, 14th Floor, marked attention Judge Lynn's Chambers.  Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers.  The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench.  A copy of the exhibit list must be furnished to the court reporter prior to trial.

b.  By June 10, 2024, the following must be filed.

i. **Jury Instructions:**  Requested jury instructions (annotated)[1] and issues shall be filed by each party.  The instructions and issues must be tailored to the specific case.  Proposed jury instructions shall be both e-filed and emailed in "Word" format to the email address lynn_orders@txnd.uscourts.gov.

ii. **Proposed *Voir Dire* Questions:**  Proposed *voir dire* questions which the Court is requested to ask during its examination of the jury panel must be filed.  The Court will submit to the jury a standard written questionnaire, a copy of which is attached. The parties may propose necessary modifications to the form as the case gets closer to trial. The Court, after completion of its *voir dire*, will allow counsel additional time to conduct their own *voir dire* examination.

---

[1] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions.  The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit Pattern Jury Instructions.

12. **Objections to Pretrial Materials and Motions *in Limine***:  In addition to the objections to exhibits, and designated deposition testimony referenced in Paragraphs 8, and 11(a)(iii), objections to witness lists shall be filed by June 10, 2024**.**  Motions *in limine***,** if any, shall be filed by June 10, 2024, unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date.  The parties shall confer promptly to determine what *limine* items may be unobjectionable.  Not later than twenty-four hours before the time scheduled for the pretrial conference, the parties shall advise the Court, in writing, of what *limine* items remain in genuine dispute.

13. **Pretrial Conference:**  A pretrial conference in this case is set for June 21, 2024, at 9:00 a.m.  Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial.  Fed. R. Civ. P. 16(b).  The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

14. **Modification of Scheduling Order:**  The parties may agree to modify the deadlines established by Paragraphs 2, 3, 5, 6, 7 and 9 of this Scheduling Order; provided, however, that (1) objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court.  If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 8, 11 or 12, they shall file their motions seeking such an extension before the deadline elapses.  This Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of Court.  FED. R. CIV. P. 16(b).  **It is only under truly extraordinary circumstances that**

**the Court will reset the trial date**.  If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

15. Under Local Rule 7.1, unless otherwise directed by the Court, responses to motions must be filed by the twenty-first day after the motion is filed, and replies are to be filed by the fourteenth day after the date the response is filed.  If the due date falls on a Saturday, Sunday, or federal holiday, the response or reply is due on the next business day.  Federal Rule 6(d), which provides that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)," does not apply to response or reply due dates, which are calculated under Local Rule 7.1 according to the motion or response's filing date, not the date of service.  If a party is unaware of the filing date of a motion or response, the party may contact the Court to ascertain that information.

16. **Trial Procedures:** Judge Lynn allows wide-open cross examination at trial.  Redirects and recrosses are limited to the immediately preceding examination.  Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case.  During trial, witnesses are to be called by their last, not first, names.  If the parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room.  All exhibits shall also be submitted to the Court Coordinator on electronic media at the conclusion of the trial.

17. The courtroom in which this case will be tried, and in which any motion that is set for hearing will be heard, has electronic equipment to assist in the expeditious presentation of the case and making of the record.  Description of this equipment and training resources for lawyers are available on the Court's website, http://www.txnd.uscourts.gov/judge-lynns-courtroom.  The Court requires that all persons planning to use the equipment schedule training through the Court's Information Technology Department prior to the beginning of any trial or motion hearing.

18. **Parties:**  Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event.  It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

19. The Court is aware of a trend in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers (*i.e.*, lawyers practicing for less than seven years).  The Court strongly encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response.  In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing.  The Court understands that there may be circumstances where having a young lawyer handle a hearing might not be appropriate – such as where no young lawyers were involved in drafting the motion, or where the motion might be dispositive in a "bet-the-company" type case.  Even so, the

-8-

Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally.  Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

20. **Compliance with this Order:**   Counsel and the parties are expected to comply fully with this Order.  Failure to comply will cause the Court to consider the entire range of sanctions available.

21. **Inquiries:**   Questions relating to this order should be directed to the law clerk at 214-753-2424.


     **SO ORDERED.**

May 10, 2023.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

**\*\*After filling out the questionnaire, please place a "C"**
**before any answers you deem confidential -**
<u>**YOU MUST FILL OUT EVERY ANSWER COMPLETELY**</u>

## CONFIDENTIAL QUESTIONNAIRE

**First Name and First Initial of Last Name only:** _____

**(For example: John S.)**

**Date & Place of Birth:** _____     **County of Residence:** _____

**Marital Status and How Long:** _____

1.    Do you (a) own, or (b) rent your place of residence, (c) live with a family member, or (d) other?

      If other, please explain. _____

2.    What is the last grade of school, including college or graduate school, which you finished and
      where? _____

3.    List any degrees and field of study, or certificates. _____

      _____

      _____

4.    Describe your employment over the last five years, including stating the name of your employer,
      what type of business it is, your job responsibilities and length of time so employed.  If retired or
      unemployed, state your main occupation and employer when last employed.

      _____

      _____

      _____

5.    If applicable, list the first name only of your spouse / life partner, and describe that person's
      occupation or employment, name of employer, what type of business it is, and job duties. If retired
      or unemployed, state that person's main occupation and employer when last employed.

      _____

      _____

      _____

6.    If you or a family member have served in the Armed Forces: (self __) (family member __) (both__)

      (a) total years served_____(b) branch_____ (c) last rank _____

**PAGE 1 OF 4 (GO TO PAGE 2 OF 4)**

**First name only:**_____

**\*\*MAKE SURE YOU COMPLETED PAGE 1 OF 4 COMPLETELY BEFORE PROCEEDING**

1.   Have you ever been a union member?_____If so, what union? _____

2.   Describe your leisure time activities:

   (a)  Hobbies _____

   (b) Clubs, groups, fellowships, unions or other organizations, and whether you are an officer.

   _____

   (c) Newspapers or magazines you read regularly _____

   (d) Favorite TV programs _____

3.   What three (3) people do you admire the most? _____

   The least? _____

4.   What book did you read last? _____

5.   If you do not object to doing so, state your political preference, if any. _____

6.   If you do not object to doing so, state your religious preference, if any. _____

7.   Describe any prior jury service you have had, including whether it was a grand jury or a civil or criminal jury and where and when your service took place, whether you were the foreperson, and the outcome.
   _____
   _____
   _____

8.   Describe any experience you, a close friend or a family member, ever had as a plaintiff or defendant in a lawsuit, including where, when, type of case and the outcome.
   _____
   _____

9.   Have you, a close friend or a family member, had a dispute with a company, filed a grievance, been involved in a protest or boycott, or considered filing a lawsuit? If so, provide details.
   _____
   _____
   _____

10.   Have you or a member of your family ever had any legal training of any kind?  If so, provide details.
   _____
   _____

**PAGE 2 OF 4 (go to page 3 of 4)**

**First name only:** _____

**\*\* MAKE SURE YOU FILLED OUT PAGE 2 OF 4 COMPLETELY BEFORE PROCEEDING**

1.  Are you, a close friend or relative, a lawyer, police officer, other law enforcement agent or connected to the legal or law enforcement professions?  If so, state the nature of the connection or relationship.

    _____

    _____

    _____

2.  Make any other comments you wish. _____

    _____

    _____

    _____

# GO TO PAGE 4 OF 4 AND SIGN YOUR <u>FULL</u> NAME

**\* MAKE SURE YOU FILLED OUT PAGE 3 OF 4 COMPLETELY BEFORE PROCEEDING**

**\*This page will be supplied only to the Court.**

_____
**JUROR'S FULL SIGNATURE (FIRST AND LAST NAME)**
(For example: JOHN A. SMITH)

**PAGE 4 OF 4**