IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE SANDERS | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:23-CV-00808 |
| | § | |
| MONEYGRAM INTERNATIONAL, INC. | § | |
| *Defendant.* | § | |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES

Lisa Ventress
Federal Bar No.  3471199
Texas SBN 24076751
1322 Space Park Dr. Ste C222
Houston, TX 77058
Telephone: (832) 240-4365
Facsimile: (832) 565-1752
Email: lisa@theventressfirm.com

**ATTORNEY FOR PLAINTIFF**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................**Error! Bookmark not defined.**

BACKGROUND ..........................................................................**Error! Bookmark not defined.**

LEGAL STANDARD ................................................................................................................. 4

ARGUMENT .............................................................................................................................. 5

   I.     PROTECTIVE ORDER ................................................................. 5

   II.    REQUESTS FOR PRODUCTION OF DOCUMENTS ...................................................... 5

          a.     Defendant Refuses to Provide Written Responses to Plaintiff's Requests..... 5

          b.     Defendant Represented It Would Provide Supplemental Responses to
               Various Requests that Plaintiff Identified as Deficient ............................ 6

   III.   INTERROGATORIES ............................................................................................ 17

          a.     Defendant Agreed to Supplement its Responses to Interrogatory Nos.  2, 10,
               14, 17, and 18 But Failed to Do So ........................................................ 17

          b.     Defendant Improperly Limited its Responses to Interrogatory Nos. 4 and 15
               ................................................................................................................ 20

   IV.  REQUESTS FOR ADMISSION ............................................................................... 21

          a.     Request for Admission Nos. 2 and 3 ..................................................... 22

          b.     Request for Admission No. 8 ................................................................. 23

          c.     Request for Admission No. 15 ............................................................... 23

   V.    INTERROGATORY VERIFICATION ....................................................................... 24

   VI.  PRIVILEGE LOG .............................................................................................. 24

   VII. REQUEST FOR REIMBURSEMENT OF FEES AND EXPENSES ............................. 24

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abrego v. Waste Mgmt. of Texas, Inc.*,
  NO. 3-11-CV-2443-D (N.D. Tex. Jun 26, 2012) ...................................................... 13

*Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*,
  244 F.R.D. 614 (D. Colo. 2007) ...................................................................... 7, 16

*Calsep v. Dabral*,
  No. 22-20440 (5th Cir. 2023) ............................................................................... 15

*Colindres v. Quietflex Mfg.*,
  228 F.R.D. 567 (S.D. Tex. 2005) .......................................................................... 11

*Coughlin v. Lee*,
  946 F.2d 1152 (5th Cir. 1991) .............................................................................. 13

*Freestream Aircraft USA Ltd. v. Chowdry*,
  Civil No. 16-cv-81232 (S.D. Fla. Mar 22, 2018) ...................................................... 6

*Grant v. CRST Expedited, Inc.*,
  No. 1:18- CV-433, 2021 WL 2099309 (E.D. Tex. Feb. 19, 2021) ......................... 23

*Green v. Nicholson Mfg. Co.*,
  No. 9:04-CV-227, 2005 WL 5959605 (E.D. Tex. Sept. 22, 2005) ......................... 13

*Lopez v. Don Herring Ltd.*,
  327 F.R.D. 567 (N.D. Tex. 2018) ..................................................................... 4, 24

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990)) ............................................................................... 4

*Millennium Mktg. Grp. LLC v. United States*,
  238 F.R.D. 460 (S.D. Tex. 2006) ............................................................................ 4

*Nguyen v. Quality Sausage Co. LLC*,
  No. 4:19-CV-00150-P, 2020 WL 2425646 (N.D. Tex. May 12, 2020) ................... 4

*Stephens v. City of Austin*,
  CV. NO. 1:12-CV-659-DAE (W.D. Tex. Jul 31, 2014) .......................................... 13

*Stephens v. FAF, Inc.*,
  No. PE:18-CV-6-DC-DF, 2019 WL 580792 (W.D. Tex. Jan. 3, 2019) ................... 4

*Tsanacas v. Amazon.Com, Inc.*,
  Civil Action No. 4:17-CV-00306 (E.D. Tex. Jan 08, 2018) ........................... 14, 15

*TV-3, Inc. v. Royal Ins. Co. of America*,
  194 F.R.D. 585 (S.D. Miss. 2000) ......................................................................... 12

**Rules**

Fed. R. Civ. P. 11(b) ............................................................................................. 7

Fed. R. Civ. P. 26(a)(1)(A)(iv) ............................................................................ 18

Fed. R. Civ. P. 26(a)(2)(B) .................................................................................. 11

Fed. R. Civ. P. 26(b)(1) ......................................................................................... 4

Fed. R. Civ. P. 26(b)(2)(C) .................................................................................... 5

Fed. R. Civ. P. 26(b)(5)(A) .................................................................................. 24

Fed. R. Civ. P. 33 ............................................................................................. 4, 21

Fed. R. Civ. P. 33(b)(3) ....................................................................................... 24

Fed. R. Civ. P. 34(b)(2)(E)(i) ................................................................................ 6

Fed. R. Civ. P. 36(a)(1)(A) .................................................................................. 23

Fed. R. Civ. P. 36(a)(4) ....................................................................................... 22

Fed. R. Civ. P. 36(a)(6) ....................................................................................... 22

Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv) ...................................................................... 4

Fed. R. Civ. P. 37(a)(4) ......................................................................................... 4

## BACKGROUND

Despite Plaintiff's best efforts to work cooperatively with Defendant to cure systemic deficiencies in Defendant's responses to Plaintiff's written discovery, Defendant's discovery remains inadequate. Defendant's refusal to comply with its most basic discovery obligations has held this matter hostage with critical deadlines fast approaching. Plaintiff has been, and will continue to be, substantially prejudiced by Defendant's conduct.

Plaintiff asserts FMLA interference and retaliation claims, disparate treatment, and retaliation claims pursuant to Texas Labor Code. §21.052. Dkt. 1-5. On September 7, 2023, Plaintiff served her First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission on Defendant. Appendix at 1. On October 7, 2023, Defendant served its responses to Plaintiff's discovery. *Id.* at 27. Defendant responses fall well short of its most basic of discovery obligations. Defendant drastically limited it responses based on boilerplate objections, asserted privilege and protection without providing information about the nature of the information it claimed were privileged, and failed to indicate to which discovery requests it withheld responsive information. Defendant refused to produce a single document for nearly five months after it served its discovery responses because it claimed it needed a protective order; yet, to date, it has refused to circulate a draft for review. Finally, Defendant denied several requests for admissions based on improper form objections when it was required to either qualify its answer or answer only the part of the request that it was able to subject to its objections.

On January 8, 2024, the undersigned wrote Defendant: "I would like to work with you to resolve discovery issues amicably and without the need for Court intervention, which I believe we can accomplish in good faith. . . ." *Id.* at 43-44. On January 11, 2024, the undersigned sent Defendant a deficiency letter (the "Deficiency Letter"). *Id.* at 28-42, 45. On January 12, 2024, the parties agreed to discuss deficiencies on January 17, 2024. *Id.* at 45-46. Defendant requested to

1

reschedule the call to January 19, 2024. *Id* at 46. The undersigned was unable to do the call on January 19 and requested January 24 or 25. *Id.* Defendant's counsel did not respond to those dates. *See id.* at 47. On January 24, 2024, the parties jointly moved for a continuance, in part, to resolve outstanding discovery issues, which the Court granted on  February 2, 2024. Dkt. Nos. 11, 12. On February 6, 2024, the undersigned again followed up with Defense counsel to confer over the Defendant's discovery deficiencies. *Id.* at 49-50. Defendant claimed it would produce documents by February 7. 2024, which it failed to do. *See id* at 51-52*.* On February 12, 2024, Plaintiff requested a call with Defendant to discuss, *inter alia*, Defendant's ongoing discovery deficiencies. *Id*. Defendant agreed to produce documents the next day, which it did. *See id.* at 55.

Defendant's production was surprisingly small considering the claims and defenses at issue (four claims (Dkt. 1-5) and twenty-one defenses (Dkt. 1-8)); Plaintiff's tenure (~3 years); Plaintiff's discovery (48 document requests), and because approximately 55% of Defendant's production were of a single category (correspondence to/from Lincoln Financial concerning Plaintiff's leave requests). Defendant marked approximately 40 percent of its production "confidential" without providing any information about the basis for the designations. Finally, Defendant did not supplement its written discovery responses, and because Defendant's initial responses did not contain any identification of specific documents, *see, e.g.,* Appx. at 2-27, Plaintiff is left to merely speculate to which request the documents that Defendant produced are responsive and where it continues to withhold otherwise responsive documents.

On February 16, 2024, the Parties conferred about, *inter alia*, Defendant's ongoing discovery deficiencies. *Id.* at 52. Defendant agreed to cure various deficiencies by February 24, 2024, including: (1) producing supplemental responses to Interrogatory Nos. 2, 10, 14, 17, and 18; (2) producing supplemental responses to Requests for Production to identify to which requests Defendant's documents are responsive; (3) providing supplement responses to address deficiencies

concerning Requests for Production Nos. 2, 13-15, 17-8, 25-27, 29-32, 34, 39-42, 46, and 48; and (4) providing a verification for its Interrogatory responses. Defendant stated (5) it would stand on its objections to Interrogatory Nos. 4 and 15 and Requests for Admission Nos. 2, 3, 8, and 15. *See id.* at 52-53.  Following the conference, the undersigned sent Defendant a summary of the call, which included items (1)-(5) above, and stated: "Let me know if I missed or need to correct anything." *Id.* at 52-53. Defendant did not respond to the email and failed to produce discovery on February 24, 2024, as promised. The same day, the Parties jointly moved for a continuance, in part, "to allow the Parties to resolve the outstanding discovery disputes between them," Dkt. 15 at 2, which the Court granted on February 27, 2024.

On March 5, 2024, the undersigned contacted Defendant in attempt to cure Defendant's ongoing deficiencies. Appx. at 56. On March 7, 2024, Defendant responded: "I am trying to get you supplemental responses. I am just waiting on my client to confirm some of the information in the responses." *Id.* at 55-56. By March 20, 2024, when Defendant had yet to produce any of the discovery it represented it would, the undersigned emailed: "What's the status on the documents? I'm really trying to avoid a motion to compel, but it appears as though we have no other option." *Id.* at 55. Defendant responded: "I have followed up with the client today. I think everyone was out for spring break last week." *Id.* On March 26, 2024, the undersigned once again followed up with Defendant concerning the outstanding discovery. *Id* at 63-71. On March 27, 2024, seventy-six days after Plaintiff's sent her Deficiency Letter, Defendant alleged that the undersigned never discussed Defendant's outstanding deficiencies, other than the Interrogatories. *See id.* at 62. *But see id.* at 28-42 (deficiency letter comprehensively identifying deficiencies; *id.* at 52-53 (summary email detailing the Parties conference concerning all of Defendant's deficiencies, which Defendant chose not to correct or edit). On March 28, 2024, the undersigned informed Defendant that "[n]either the 2.16.24 summary email nor the transcript [of the Parties call] support your assertion

that the only deficiencies discussed were the interrogatories. While we are willing to continue to work in good faith towards expeditiously working to cure Defendant's deficiencies, court intervention is required at this point . . ." *Id.* at 76.

## <u>LEGAL STANDARD</u>

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "If a party fails to provide discovery as required by Rule 26 and upon a showing of a good faith effort to resolve the discovery dispute before requesting court action, the party requesting discovery may move for an order compelling discovery." *Millennium Mktg. Grp. LLC v. United States*, 238 F.R.D. 460, 463 (S.D. Tex. 2006) (Hoyt, J.) (*citing* Fed. R. Civ. P. 37(a)(2)(A)). In particular, "Rule 37 allows such a motion when a party fails to answer an interrogatory under Federal Rule of Civil Procedure 33 or respond to a request for production under Federal Rule of Civil Procedure 34 provided such discovery requests are within the scope of Rule 26(b)." *Stephens v. FAF, Inc.*, No. PE:18-CV-6-DC-DF, 2019 WL 580792, at *2 (W.D. Tex. Jan. 3, 2019); *see also* Fed. R. Civ. P. 37(a)(3)(B)(ii)-(iv). For purposes of Rule 37, "evasive or incomplete… answer[s] or response[s] must be treated as a failure to… answer[] or respond." Fed. R. Civ. P. 37(a)(4). The responding party must

> fully answer each interrogatory or document request to the full extent that it is not objectionable and . . . explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.

*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (quoting *Heller*, 303 F.R.D. at 485) (granting motion to compel); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

The party resisting discovery bears the burden of "show[ing] specifically how each

4

discovery request is not relevant or otherwise objectionable." *Nguyen v. Quality Sausage Co. LLC*, No. 4:19-CV-00150-P, 2020 WL 2425646, at *2 (N.D. Tex. May 12, 2020) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).  If the resisting party fails to give specific reasons in support of its objections, the Court should overrule the objections and compel the party to produce the information and/or materials requested. *Id.*

## ARGUMENT

### I.  PROTECTIVE ORDER

Defendant has used the idea that it has sensitive information in its possession as an obstructive tactic through this litigation. It withheld its entire document production for nearly 5 months until there was a protective order in place; however, it never sought one. When it produced documents, it marked almost half of the production "confidential" but still has not proposed a protective order. On January 12, 2024, Defendant represented it would circulate a proposed protective order. Appx. at 46-47. Plaintiff's counsel proposed the parties use "a standard order from the court's website." *Id.* To date, Defendant continues to sit on its hands. While Plaintiff is not opposed to protecting privacy concerns, she has been, and will continue to be, prejudiced by Defendant's inaction.

### II.  REQUESTS FOR PRODUCTION OF DOCUMENTS

#### a.  Defendant Refuses to Provide Written Responses to Plaintiff's Requests

When Defendant originally responded to Plaintiff's requests for production, it did not list a single document that was responsive to any requests. *See* Appx. at 2-27. When Defendant finally produced documents on February 12, 2024, it did not supplemental its written responses to identify to which requests the documents were responsive or indicate where it was withholding responsive information subject to its objections. *See* Fed. R. Civ. P. 26(b)(2)(C); *see*

*also* Appx. 52-53. Plaintiff is left to speculate to which of her requests Defendant's documents are responsive and to which requests Defendant is withholding otherwise responsive information.

The Rules require Defendant to "produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request." Fed. R. Civ. P. 34(b)(2)(E)(i). Defendant has not represented it produced its documents as they are kept in the ordinary course of its business, and has not otherwise provided any reasonable basis for Plaintiff to determine to which requests Defendant asserts its documents are responsive. Defendant agreed to provide supplemental written responses to Plaintiff's Requests on February 24, 2024, but has failed to do so. *See* Appx. at 52-53. Defendant's failure to provide written responses has created an unnecessary obstacle for and caused prejudice to Plaintiff. *See Freestream Aircraft USA Ltd. v. Chowdry,* Civil No. 16-cv-81232 at *4 (S.D. Fla. Mar 22, 2018).

Plaintiff moves to Court to compel Defendant to provide responses to Plaintiff's Requests for Production in which Defendant identifies which documents are responsive to which requests and where it is withholding otherwise responsive information subject to its objections.

**b.    Defendant Represented It Would Supplement Responses to Various Requests**

Plaintiff identified deficiencies in Defendant's responses to Plaintiff's Request Nos. 2, 13-15, 17-18, 25-27, 29-32, 34, 40-42, and 48.[1] Appx. at 28-42, 52-53. On February 16, 2024, Defendant agreed to provide supplemental responses to each of these requests by February 24, 2024. *Id.* at 52-53. It has failed to do so. Plaintiff respectfully requests the Court compel Defendant to produce supplemental responses to each of Plaintiff's Requests, as detailed below:

---

[1] Defendant also agreed to produce supplemental responses to Request Nos. 39 and 46; however, Plaintiff does not move on those requests, as she believes that Defendant's February 13, 2024 document production cured the issues identified in Plaintiff's Deficiency Letter.

1.    <u>Request for Production No. 2</u>:[2] All Documents and/or Electronic Data reflecting any non-privileged Communications regarding Defendant's Defenses in this Lawsuit."

   <u>Defendant's Response</u>: Defendant objects to this Request's use of the terms "Communication(s)" and "Electronic Data" as vague and ambiguous, as these capitalized terms are not defined in Plaintiff's First Set of Discovery Requests. Defendant further objects to this Request as confusing in that it is unclear what communications are being requested, as the Request fails to identify any relevant senders or recipients. Defendant further objects to this Interrogatory as overbroad and unduly burdensome, in that it is not limited to any relevant time period. As currently written, this Request would take numerous hours of time collecting potentially responsive documents, reviewing them for relevancy and/or privilege and finally preparing them for production. Defendant further objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney-client, work-product, or any other privilege or immunity. To the extent Defendant understands this Request, it will produce readily available responsive, relevant, nonprivileged communications regarding the defenses pleaded by Defendant in its Answer to the Lawsuit at a mutually agreeable time.

   Defendant's agreement to produce just those documents that are "readily available" violates its obligations under Rule 26. Defendant must perform a reasonable and diligent search for responsive documents. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 626 (D. Colo. 2007). Defendant's assertion that it "would take numerous hours of time collecting potentially responsive documents, reviewing them for relevancy and/or privilege and finally preparing them for production" is telling. This request seeks information related to Defendant's own defenses. There is arguably no area of discovery to which Defendant should be more prepared to respond than that concerning its own defenses. Assuming Defendant complied with Rule 11 when it asserted 21 defenses in its Answer, Dkt. 1-8, it should have already collected, reviewed, and prepared the documents that supposedly support its defenses. *See* Fed. R. Civ. P. 11(b). Defendant's sent/received objections are similarly unavailing. Who sent or received responsive information is irrelevant to whether the document is related to Defendant's defenses.

2.    <u>Request for Production No. 13</u>: All written and recorded diaries, calendars, journals,

---

[2] While Plaintiff quotes the relevant discovery requests herein, for the Court's convenience, she included the discovery at issue in her Appendix at pages 2-27.

emails, notebooks, or similar Documents evidencing Plaintiff's impressions and feelings about how Plaintiff was treated during Plaintiff's employment at Moneygram.

Defendant's Response: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant objects to this Request because the requested information would be in Plaintiff's possession, custody, or control, not Defendant's. Defendant further objects to this Request as vague, ambiguous, and speculative in that Defendant could not possibly be expected to know Plaintiff's "feelings" on her treatment throughout her almost-three-year period of employment with MPSI. Defendant further objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney-client, work-product, or any other applicable privilege or immunity.

Defendant's response fails to indicate whether Defendant is withholding responsive

information based on its objection. None of Defendant's objections provide a proper basis for

Defendant to refuse to produce responsive documents in its possession.

3.  Request for Production No. 14: Please produce a copy of any document associated with employee reports made against the following individuals before or after Plaintiff's termination: Andres Cruz, Christine Gonzalez, Crystal Harris

Defendant's Response: Defendant objects to this Request to the extent that it assumes Plaintiff or any of these inviduals were employed by Defendant. Defendant further objects to this Request as vague and ambiguous as to "reports made against." Defendant further objects to this Request because it is overbroad in time, scope, and subject matter in that it fails to identify any relevant time period, type of "report," or subject matter of such "report." Defendant further objects to this Request because it seeks irrelevant information that is not proportional to the needs of the case to the extent it seeks "reports" from individuals who are not similarly situated to Plaintiff. Defendant further objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney-client, work-product, or any other applicable privilege or immunity. Despite a diligent search and reasonable inquiry, Defendant is not presently aware of any employee reports made against the listed individuals for any type of FMLA- or disability-related discrimination or retaliation.

Defendant improperly limited it response (and apparently its search for documents) to

reports of FMLA- or disability-related discrimination or retaliation. Plaintiff is entitled to all

reports related to prior complaints of discrimination and retaliation against these individuals, as

such information is probative to numerous issues central to this matter, including but not limited

to Defendant's history of mistreatment towards protected classes, its propensity to discriminate

against protected classes and retaliate against individuals who engage in protected activity,

motive, intent, and purpose, pretext, whether it has a pattern-or-practice of discrimination, its

enforcement of its antidiscrimination policies, if any, and issues related to impeachment,

credibility, Plaintiff's emotional distress, and punitive damages, among other issues.[3]

4. <u>Request for Production No. 15</u>[4]: Produce a complete copy of any copies of any and all internal complaints, charges of discrimination with the Equal Employment Opportunity Commission, the Texas Commission on Human Rights, the Texas Workforce Commission, Civil Rights Division, and the U.S. Department of Labor, or written memorandum or letter of complaint by any current or former employee, alleging that you discriminated and/or retaliated against them while they were on FMLA leave.

<u>Defendant's Response</u>: Defendant objects to this Request because it is overbroad, as it fails to identify any relevant time frame. Defendant further objects to this Request because it seeks irrelevant information that is not proportional to the needs of the case to the extent it seeks "internal complaints," "charges of discrimination," or "written memorandum or letter of complaint" submitted by individuals who are not similarly situated to Plaintiff. Defendant further objects to this Request to the extent that it seeks documents that are private, proprietary and/or confidential to Defendant and/or its employees. Despite a diligent search and reasonable inquiry, Defendant responds that during the period of Plaintiff's employment with MPSI, Defendant is not aware of any such responsive documents.

Defendant improperly limits its response to the period of Plaintiff's employment. Plaintiff

is entitled to documents related to prior complaints of discrimination and retaliation against

Defendant,[5] as such information is probative to numerous issues central to this matter, including

Defendant's history of mistreatment towards protected classes, its propensity to discriminate

against protected classes and retaliate against individuals who report the same, its motive, intent,

---

[3] *See Bess v. Securitas Sec. Servs.* U.S., No. 1:19-cv-1006-RP *5 (W.D. Tex. May 05, 2021) ("The decisionmakers at issue here . . . were all involved in the decisions Bess contends were discriminatory or retaliatory. Charges or complaints that these men engaged in discrimination are thus discoverable in this case."); *see also Slaughter v. Atkins,* CIVIL ACTION NO. 09-190-C-M2, 10 n.10 (M.D. La. May. 14, 2010) (collecting cases).

[4] On January 11, 2024, Plaintiff agreed to limit the timeframe of Request No. 15 to 10 years preceding her employment through to trial. Appx. at 32-33.

[5] *See, e.g., Williams v. U.S. Envtl. Servs., LLC,* CIVIL ACTION NO. 15-168-RLB (M.D. La. Feb 16, 2016) (ordering production of prior complaints for a 5 year period of time).

9

and purpose, its enforcement of its antidiscrimination policies, and issues related to

impeachment, credibility, emotional distress, and punitive damages, among other issues.

5.   <u>Request No. 17</u>: All Documents, Electronic Data, and/or Communications which reference or relate to any Adverse Employment Action taken against Plaintiff by Defendant.

<u>Defendant's Response</u>: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant or took any "adverse employment action" against her. Defendant further objects to this Request's use of the terms "Communication(s)" and "Electronic Data" as vague and ambiguous, as the capitalized terms are not defined in Plaintiff's First Set of Discovery Requests. Defendant further objects to this Request because it calls for a legal conclusion as to the meaning of "Adverse Employment Action." Defendant further objects to this request as overbroad because it is not limited to any relevant time frame. Defendant further objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney-client, work-product, or any other applicable privilege or immunity. To the extent Defendant understands this Request, it will produce relevant, responsive, nonprivileged documents (to which Defendant has access) relating to Plaintiff's termination from employment with MPSI.

Defendant improperly limits its response to documents related to Plaintiff's termination.

Plaintiff is entitled to documents concerning any and all adverse actions—an essential element of

her discrimination and retaliation claims. The adverse actions the underpin Plaintiff's claims are

not limited to just her termination. For example, Plaintiff's Complaint alleges that she was treated

worse than similarly situated employees outside of her protected classes by being assigned

additional duties outside of her job requirements. *See* Dkt. 1-8 ¶15. Defendant cannot reasonably

object to the relevancy of documents germane to the elements of Plaintiff's claims.

6.   <u>Request for Production No. 18</u>: All Documents, Electronic Data, and/or Communications which reference or relate to any Protected Activity Plaintiff engaged in while working at Moneygram.

<u>Defendant's Response</u>: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request's use of the terms "Communication(s)" and "Electronic Data" as vague and ambiguous, as the capitalized terms are not defined in Plaintiff's First Set of Discovery Requests. Defendant further objects to this Request because it calls for a legal conclusion as to the meaning of "Protected Activity." Defendant further objects to this request as overbroad because it is not limited to any relevant time frame. Defendant further objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney-client,

work-product, or any other applicable privilege or immunity. To the extent Defendant understands this Request, it will produce relevant, responsive, nonprivileged documents (of which is has access to) relating to Plaintiff's various requests for leave during her employment with MPSI.

Defendant improperly limits its response to "Plaintiff's various requests for leave during her employment with MPSI." Documents related to protected activity of any kind, not simply requests for leave, are relevant to the elements of Plaintiff's FMLA retaliation claim and Defendant's defenses, as well as issues related to emotional distress, punitive damages, intent, impeachment, and credibility issues, among other issues. There is no legitimate question that documents germane to the elements of Plaintiff's claims are relevant and must be produced.

7.    Request for Production Nos. 26, 27, and 29[6]

Plaintiff's Request No. 26 seeks: "All reports, rough drafts of reports, and all other Documents of any kind whatsoever prepared by each expert witness Defendant has retained or designated that in any way relate to the Lawsuit." Request No. 27 seeks: "All Documents, Electronic Data, Communications and/or Tangible Things reviewed by or generated by" Defendant's expert. Request No. 29 seeks "All Documents, Electronic Data, Communications and/or Tangible Things provided to, reviewed by, generated by, or prepared by every expert . . ." Defendant objects, claiming Plaintiff is not entitled to expert report drafts, documents not relied upon, and limits its responses to non-privileged/protected documents.

Defendant's objections are misplaced.  Courts in this Circuit have held that report drafts and information considered, but not relied upon, are discoverable. *Colindres v. Quietflex Mfg.*, 228 F.R.D. 567, 571 (S.D. Tex. 2005). Moreover, "the disclosure requirements of Rule

---

[6] Appx. 15-17.

26(a)(2)(B) 'trump 'the work product doctrine, thereby establishing a "bright line" rule by which

parties know in advance what is discoverable, and courts are relieved from having to determine

what documents or portions of documents are discoverable." *TV-3, Inc. v. Royal Ins. Co. of

America*, 194 F.R.D. 585, 587 (S.D. Miss. 2000).

8.  <u>Request for Production No. 30</u>: Produce a complete copy of any and all petitions, complaints, judgements or other documents filed in any lawsuits in which you are, or have been, named a party in any capacity relating to discrimination and FMLA retaliation.[7]

   <u>Defendant's Response</u>: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request because it is overbroad, as it fails to identify any relevant time frame. Defendant further objects to this Request because it seeks irrelevant information that is not proportional to the needs of the case to the extent it seeks petitions, complaints, judgment, and other documents filed in a lawsuit by individuals who are not similarly situated to Plaintiff. Despite a diligent search and reasonable inquiry, during the period of Plaintiff's employment with MPSI, Defendant is not aware of any such responsive documents.

   Defendant improperly limits its response to the period of Plaintiff's employment. Request

No. 30 is probative as to how Defendant has historically enforced its anti-discrimination policy

and prior allegations (and responses thereto) of complaints of discrimination, which is relevant to

each of Plaintiff's claims and Defendant's defenses. Past discrimination is probative of

Defendant's motive and intent as to present practices, including those about which Plaintiff

complains. Moreover, hostility towards protected groups is relevant to Plaintiff's emotional

distress and punitive damages claims, as well as issues related to impeachment and credibility.[8]

9.  <u>Request for Production No. 31</u>: Produce a complete copy of any and all employee files for the following individuals: Andres Cruz; Christine Gonazalez; and Crystal Harris

   <u>Defendant's Response</u>: Defendant objects to this Request to the extent that it assumes Plaintiff or any of these individuals were employed by Defendant. Defendant further objects to this Request because it seeks the confidential, private and/or proprietary

---

[7] On January 11, 2024, Plaintiff agreed to limit the temporal scope of this Request to ten years prior to Plaintiff's employment through to trial. Appx. at 33.

[8] *See, e.g., Williams v. U.S. Envtl. Servs., LLC*, CIVIL ACTION NO. 15-168-RLB (M.D. La. Feb 16, 2016) (ordering production of discrimination complaints for a 5 year period of time).

information of employees of MPSI. Defendant further objects to this Request because it seeks irrelevant information that is not proportional to the needs of the case, in that Plaintiff is not entitled to the complete personnel files of other employees, particularly those who are not similarly-situated to Plaintiff. Defendant further objects to this Request because the term "employee files" is vague and ambiguous.

Each of Defendant's objections are misplaced. Defendant identifies Cruz and Gonzales as individuals who "likely have discoverable information . . . that Defendant may use to support its . . . defenses;" yet refuses to provide their personnel documents. Courts routinely order the production of personnel files in similar cases[9] as they are relevant to, *inter alia*, pretext, Defendant's motive and intent, remedial action(s) (if any), training (if any), discipline (if any), qualifications, the effectiveness of Defendant's antidiscrimination policy, and for purposes of impeachment and credibility. With respect to Harris, specifically, Defendant cannot reasonably object to producing her personnel file, as she has been alleged to be a comparator to Plaintiff. Plaintiff has narrowly tailored her request to seek the most relevant information from the most relevant decision makers. Defendant's objection to production of "sensitive and proprietary" nature of the files would be wholly mitigated by the protections afforded by the confidentiality order in this case, which Defendant has represented it would seek but has not done so.

10.   <u>Request for Production No. 32:</u> Produce a complete copy of any statements that you or any person on your behalf has taken or received from any person with knowledge of facts relevant to this matter or who you intend to call as a witness at the final trial.

<u>Defendant's Response:</u> Defendant objects to this Interrogatory because the term "statements" is vague, ambiguous, and overbroad, as the term could even encompass privileged communications. To the extent Defendant understands this Request to mean

---

[9] *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991) ("In Title VII litigation, in which plaintiffs are similarly required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files."); *Stephens v. City of Austin*, CV. NO. 1:12-CV-659-DAE (W.D. Tex. Jul 31, 2014); *Bess v. Securitas Sec. Servs. U.S.*, No. 1:19-cv-1006-RP (W.D. Tex. May 05, 2021) (ordering production of the plaintiff's direct supervisors' personnel files) ; *Green v. Nicholson Mfg. Co.*, No. 9:04-CV-227, 2005 WL 5959605 at *3 (E.D. Tex. Sept. 22, 2005); *Abrego v. Waste Mgmt. of Texas, Inc.*, NO. 3-11-CV-2443-D (N.D. Tex. Jun 26, 2012).

nonprivileged written statements obtained by Defendant to support its defenses in this lawsuit, such statements, if any, will be produced at a mutually agreeable time.

Defendant frustrates Plaintiff's right to relevant discovery by claiming the word "statements" is vague, ambiguous, and overbroad, and in turn, improperly limits its response to just written statements that support its defenses. Defendant must "exercise reason and common sense to attribute ordinary definitions to terms and phrases used in [Plaintiff's] request[s]." *Tsanacas v. Amazon.Com, Inc.*, Civil Action No. 4:17-CV-00306 (E.D. Tex. Jan 08, 2018). Plaintiff is entitled to any non-privileged information related to the claims and defenses at issue. If is entirely unclear how Defendant, through its apparent confusion, was able to understand Plaintiff's request to seek only documents related to its defenses but not to Plaintiff's claims or other relevant facts. Defendant has no legitimate basis to withhold responsive information.

11.   <u>Request for Production No. 34</u>: Produce a complete copy of any correspondence, faxes, e-mails, text or instant messages, or other documents or communications you have sent to or received from any person or entity (other than your attorneys) regarding Plaintiff's complaint against Defendant.

<u>Defendant's Response</u>: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request because it is overbroad, unduly burdensome, and harassing in that it is not limited to any relevant timeframe. Defendant further objects to this Request because it is vague and ambiguous as the meaning of "Plaintiff's complaint against Defendant." As currently drafted, Defendant cannot adequately respond to this Request.

Defendant's overbroad, burdensome, and harassing objections based on a lack of temporal limitation are meritless. The relevant timeframe is axiomatic to the Request. No other timeframe in this matter would even be logical. Defendant's vagueness and ambiguity objections fair no better. To the extent Defendant is genuinely unclear what "Plaintiff's complaint against Defendant" means, it is required to apply common sense. *Id.*

12.   <u>Request for Production No. 40</u>: Produce all text messages or transcripts you have of any conversations of Moneygram management, Moneygram employees, or former employees,

14

or anyone else having information or knowledge of any of the clams in Plaintiff's complaint.

Defendant's Response: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request as vastly overbroad, unduly burdensome, harassing, and irrelevant because, as currently drafted, it would require Defendant to produce every single text message (or transcript of any conversation) over an infinite period of time, regardless of the subject matter, that involves an employee who may have information or knowledge of Plaintiff's claims in this lawsuit. As such, for example, text messages about where to go to lunch between employees who may have knowledge of Plaintiff's claims would be encompassed by this Request. Defendant further objects to this Request to the extent that it calls for speculation as to who potentially may have knowledge of Plaintiff's claims (e.g., because Plaintiff has told them). Defendant further objects to this Request because it is vastly overbroad and could encompass documents protected from disclosure by the attorney-client, work-product, or any other applicable privilege or immunity.

Defendant agreed to provide a supplemental response to Request No. 40 on February 16, 2024[10]; however, it has not done so. Appx. 52-53. Plaintiff's agreed limitation effectively moots any of Defendant's objections, and Defendant simply cannot object to producing text messages in its possession concerning the claims and defenses at issue in this matter. Indeed, Defendant was obligated to preserve any such evidence, so it should already have the responsive information in a readily accessible form. *See Calsep v. Dabral,* No. 22-20440 (5th Cir. 2023).

13.   Request for Production Nos. 41 and 42

Request for Production No. 41: Produce all documents, electronic data, and/or communications (including written, typed, email or other electronic communications, such as text or instant messages) between Andres Cruz and Plaintiff which discuss or reference Defendant, employment with Defendant, or support any of the defenses set forth in the Defendant's Answer to Plaintiff's Complaint.

Defendant's Response: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request because it is vastly overbroad, unduly burdensome, harassing, and irrelevant because, as currently drafted, it would require Defendant to produce every communication between Plaintiff and

---

[10] In Plaintiff's Deficiency Letter, she agreed to limit the scope of Request No. 40, as follows: "all text messages or transcripts of any conversations concerning the claims and defenses at issue in this lawsuit sent to or received by members of MoneyGram management, MoneyGram employees, or former employees, or anyone else having information or knowledge of any of the clams and defenses at issue." Appx. at 36.

Andres Cruz, regardless of the subject matter and whether such communication has any bearing on this lawsuit.

Request for Production No. 42: Produce all documents, electronic data, and/or communications (including written, typed, email or other electronic communications, such as text or instant messages) between Plaintiff and Christine Gonzalez which discuss or reference Defendant, employment with Defendant, or support any defenses set forth in the Defendant's Answer to Plaintiff's Complaint.

Defendant's Response: Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request because it is vastly overbroad, unduly burdensome, harassing, and irrelevant because, as currently drafted, it would require Defendant to produce every communication between Plaintiff and Christine Gonzales, regardless of the subject matter and whether such communication has any bearing on this lawsuit.

Defendant refused to produce any responsive documents to either Request No. 41 or 42.

Its objections are misplaced. Defendant's response indicates that it has not actually conducted a search of potentially responsive information, as required. *See Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.,* 244 F.R.D. 614, 626 (D. Colo. 2007). Therefore, its objections are merely speculative. Communications between Plaintiff and the two most relevant decision makers concerning Plaintiff's employment at Defendant and Defendant's defenses are potentially relevant to each of Plaintiff's claims and to the defenses at issue. Defendant cannot reasonably object to overbreadth or burden given Plaintiff's request is narrowly tailored to just three custodians concerning Plaintiff's employment. Finally, Plaintiff struggles to understand communications concerning Defendant's own defenses is somehow harassing or irrelevant.

14.   Request for Production No. 48: Produce all documents posted on any social media site (including but not limited to chat rooms, blogs, instant-messaging services, Facebook, Instagram, LinkedIn, etc.) by any of your agents or attorneys that describe or concern Plaintiff's claims against Defendant that is in your possession or custody.

Defendant's Response: Defendant objects to this Request as vastly overbroad, unduly burdensome, and harassing in that it would require Defendant to search every single one of its employees' (likely) multiple social media accounts for responsive information. Such request is not proportional to the needs of the case. Defendant further objects to this Request to the extent that it seeks to require Defendant to search through social media for

16

posts regarding Plaintiff's claims, which may result in Defendant observing information and/or photos considered by Defendant's employees as personal and/or private.

Plaintiff's Request No. 48 seeks documents that are already in Defendant's its *possession or custody*. Plaintiff is not requesting that Defendant conduct a comprehensive search of "every single one of its employees '(likely) multiple social media accounts for responsive information," as Defendant asserts.  Defendant has no basis to refuse to provide responsive documents.

## III.   INTERROGATORIES

### a.   Defendant Agreed to Supplement its Responses to Interrogatory Nos.  2, 10, 14, 17, and 18 But Failed to Do So

Plaintiff's Deficiency Letter identified deficiencies in Defendant's responses to Interrogatory No. 2, 10, 14, 17, and 18. Appx. 28-42, 52-53. On February 16, 2024, Defendant agreed to supplement its responses, but has not done so. *Id.* at 52-53. Plaintiff seeks court intervention to compel Defendant to produce supplemental responses to Plaintiff's Interrogatory Nos. 2, 10, 14, 17, and 18, which cure each of the deficiencies identified below:

1.   Interrogatory No. 2: Please identify each current or former agent, servant, or employee of Defendant with whom Defendant has discussed or otherwise communicated since the last day of Plaintiff's employment concerning Plaintiff's claims and allegations in this lawsuit, and provide each such person's full name and the date and brief summary of each such communication.

Defendant's Answer: Defendant objects to this Interrogatory because it is burdensome and oppressive as to the definition of "Defendant," which would arguably encompass each and every one of Defendant's employees, is overbroad and seeks irrelevant information that is not proportional to the needs of the case. Defendant further objects to this Interrogatory because it seeks the disclosure of information protected by the attorney-client and/or work-product privileges. Defendant further objects to the extent that this Interrogatory seeks information that is confidential, private and/or proprietary to Defendant and/or its employees.

Defendant refused to respond to Interrogatory No. 2. Plaintiff fails to comprehend how the identifies of individuals who have discussed Plaintiff's claims is irrelevant or overbroad.

Similarly, it is unclear how the requested information, names, dates, and descriptions of

17

conversations concerning Plaintiff's claims could be covered by privilege or protection or are

somehow confidential, private, or proprietary. To the extent Defendant needs to protect certain

information, there are proper procedures to do so, but obstructing discovery is not one of them.

Defendant's burdensome, overbreadth, proportionality, relevancy, and privacy objections are

misplaced. Even assuming arguendo that Defendant's exaggerated interpretation of the scope of

Interrogatory No. 2 is accurate (it is not), it is still obligated to produce responsive information

already in its possession. Defendant cannot withhold responsive information because it read the

request more broadly than Plaintiff intended.

2.      Interrogatory No. 14: Please state the name, address and telephone number of each
        company proving any primary or excess insurance coverage for any claims asserted in this
        case, whom they insure, the amounts of said coverage and whether there has been any
        denial of coverage or reservation of rights by any insurance carrier.

        Defendant's Answer: To the extent there is any such insurance coverage, Defendant will
        supplement this Answer.

        Defendant failed provide the information in its initial disclosures, as required, which it

served on May 23, 2023. Fed. R. Civ. P. 26(a)(1)(A)(iv), (a)(1)(C). There is simply no legitimate

basis for Defendant to delay providing this information any further.

3.      Interrogatory No. 17: Please provide the names of each person who held positions similar
        to Plaintiff during the period when Plaintiff was employed by Defendant.

        Defendant's Answer: Defendant objects to this Interrogatory to the extent that it assumes
        Plaintiff was employed by Defendant. Defendant further objects to this Interrogatory
        because the phrase "held positions similar to Plaintiff" is vague and ambiguous. In fact, the
        proper legal analysis is not "similar," but "substantially similar." Defendant further objects
        to this Interrogatory because it is overbroad and seeks irrelevant information to the extent
        it requires the identities of individuals who are not similarly situated to Plaintiff, and is also
        objectionable to the extent it seeks personal, private and/or confidential information
        regarding Defendant and/or its employees. Defendant will supplement this Answer with
        the names of the other Due Diligence Analysts on the Global Due Diligence team within
        the Compliance Department of Plaintiff's employer at the time of Plaintiff's termination
        from employment.

18

Defendant's limitation is roundly an attempt to prevent Plaintiff from obtaining evidence to prove her claims. Plaintiff is entitled to seek discovery to determine comparators. Whether a certain individuals will be considered appropriate comparators is an issue that must be decided by the Court during litigation. Defendant cannot decide it will take the place of Court, determine who are appropriate comparators, then withhold all other responsive information. Moreover, to date, Defendant has not provided the names that it originally claimed it would provide.

4.    Interrogatory No 18: With respect to each meeting, conversations, or discussion, however informal, at which time the salary, performance, FMLA, termination, or evaluation of the plaintiff was discussed by staff and/or managers and/or supervisors of the defendant, set forth: the date of the meeting, conversation, or discussion; the name and position held by each person; a description of what was said

Defendant's Answer: Defendant objects to this Interrogatory to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Interrogatory as unduly burdensome and overbroad in that it purports to require Defendant to recall every discussion, "however informal," about any aspect of Plaintiff's employment over an almost-three-year period, many of which would have no relevance to Plaintiff's claims or Defendant's defenses in this lawsuit. Defendant further objects to this request to the extent it seeks information protected from disclosure by the attorney-client, work-product, or any other applicable privilege or immunity. Appropriately limiting this Answer to communications between Plaintiff and her employer of which Defendant has information regarding and/or access to, and which involve Plaintiff's various requests for leave, nonprivileged documents reflecting such communications will be produced at a mutually agreeable time.

Defendant's limitation to of its response to just Plaintiff's request for leave is unreasonable. Plaintiff's claims involve interference, retaliation, and disparate treatment. Plaintiff's request is narrowly tailored to the key issues relevant to this case: salary, performance, FMLA, termination, or evaluation. Defendant's characterization of these issues as including "any aspect of Plaintiff's employment" exaggerates the scope of the request, and Plaintiff's participation in a responsive conversation does not change whether it is relevant to the claims and defenses at issue. Moreover, that dates, names, or positions held could conceivably be covered under attorney client privilege or attorney work product strains credibility.

19

       **b.**       **Defendant Improperly Limited its Responses to Interrogatory Nos. 4 and 15**

On February 16, 2024, Defendant indicated that it would stand on its objections to

Plaintiff's Interrogatory Nos. 4 and 15. Appx. 52-53. Plaintiff moves to compel answers.

1.      <u>Interrogatory No. 4</u>: Has Defendant ever been sued or had an EEOC Charge filed by any other person alleging theories of FMLA retaliation? If so, please state: a. The name, address, and phone number of each plaintiff in any such lawsuit or EEOC Charge; b. The name, address, and phone number of each plaintiff's attorney, if any; c. A description of the factual basis surrounding the complaint; d. The jurisdiction/venue in which any lawsuit or EEOC Charge was filed, and the  cause number under which any such lawsuit or EEOC Charge was filed; and e. The present status or disposition of any lawsuit or EEOC Charge identified in response to this interrogatory.

      <u>Defendant's Response</u>: Defendant objects to this Interrogatory because it is overbroad as to time and scope, is unduly harassing, and seeks irrelevant information that is not proportional to the needs of the case, in that it is not limited to a relevant time frame or to individuals who are or could be similarly situated to Plaintiff (who was never even employed by Defendant). Defendant further objects to this Interrogatory to the extent that it seeks confidential, private, or proprietary information regarding Defendant or its employees. Limiting this Answer to the period of Plaintiff's employment with MPSI and to employees in Plaintiff's same job position (or with Plaintiff's same duties) with the same supervisor, none.

      Defendant's position that it will only produce responsive information for employees if

they who worked during Plaintiff's tenure, with the same job title or duties and the same

supervisor, is improperly restrictive. Defendant's employees are subject to the same policies and

procedures, use the same human resources, and are subject to the authority of successively higher

supervisory personnel and members of management. The information Plaintiff seeks is directly

relevant to numerous issues concerning the claims and defenses at issue, including but not

limited to Defendant's history of and propensity to retaliate against employees who assert FMLA

rights, intent, motive, pretext, Defendant's enforcement of its antiretaliation policy, issues related

to impeachment and credibility, and punitive damages, among other issues. Plaintiff's request is

narrowly tailored to a single form of discrimination: FMLA retaliation.

2.      <u>Interrogatory No. 15</u>: Plaintiff's Interrogatory No. 15 asked: "Identify by name and location the job posting sites Defendant regularly uses to advertise job vacancies."

<u>Defendant's Response</u>: Defendant objects to this Interrogatory because it is overbroad and seeks irrelevant information, in that it is not limited to any relevant time period, type of job position, or department. Any jobs posted by Defendant are wholly irrelevant in that Plaintiff was never employed by Defendant. On information and belief, at the time of Plaintiff's termination from employment and for Plaintiff's same position, Plaintiff's former employer regularly used an internal team for positions such as that previously occupied by Plaintiff.

Defendant's response to Interrogatory No. 15 is incomplete, nonresponsive, and evasive.

As an initial matter, interrogatory responses must be made under oath, not on "information and belief." Fed. R. Civ. P. 33. As to Defendant's overbreadth and relevancy objections, central to the claims and defenses in this case is whether there was any open position available for Plaintiff during the relevant time period, *See, e.g.*, Defendant's EEOC Position Statement ("There were open positions on the team through May 3, but as of May 31, all open roles were filled.. . .They both also looked for open roles for her on other teams, but none were available. . . ."). Plaintiff strains to understand how her request for the sites that Defendant used to advertise job vacancies is overbroad or lacks relevancy when Defendant simultaneously claims it is not responsible for terminating Plaintiff's employment when it did not have open positions. Defendant's boilerplate objections, provide no assistance. Plaintiff is entitled to this evidence to help prove her claims, rebut Defendant's defenses, and for issues related to impeachment.

## IV.     REQUESTS FOR ADMISSION

On January 11, 2024, Plaintiff informed Defendant that its responses to Plaintiff's Requests for Admission Nos. 2, 3, 8, and 15 were deficient because Defendant's "scope" and "compound" objections did not provide a legitimate basis for Defendant's denials. *See* Appx. 41-42. On February 16, 2024, Defendant refused to amend its answers. *See* Appx. 52-53.

Fed. R. Civ. P 36(a)(4) states: "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

Here, Defendant denied requests outright when—even if assuming Defendant's objections are meritorious—it should have qualified its answer or answered only a part of the Request that it was able to answer. Defendant's answers are not only evasive and prejudice Plaintiff, but they are precisely the sort of answer that the Rules expressly proscribe. Pursuant to Fed. R. Civ. P. 36(a)(6), Plaintiff respectfully requests the Court deem Plaintiff's Requests for Admission Nos. 2, 3, 8, and 15 admitted because of Defendant's failure to comply with the Rules. In the alternative, Plaintiff requests the Court order Defendant to served amended answers, which fairly respond to these requests.

> a.    **Request for Admission Nos. 2 and 3**

Request for Admission No. 2 requests that Defendant "Admit or Deny that Plaintiff was entitled to FMLA leave because of her disability." Request for Admission No. 3 requests that Defendant "Admit or Deny that Plaintiff submitted her application for FMLA leave." Defendant's answers to both Requests is identical:

> Defendant objects to this Request because it fails to identify any particular time frame or serious medical condition (or other FMLA-qualifying condition) at issue and thus is vague, ambiguous, and lacks foundation. Because the Request is not properly limited, Defendant must respond as follows: deny.

> Defendant's vagueness and ambiguity objections are mere gamesmanship. There is no

dispute that Plaintiff sought, submitted applications for, and was ultimately approved for FMLA. This is memorialized in Defendant's document production, and Defendant asserted in its EEOC Position Statement that it had approved FMLA leave application for Plaintiff on various

22

occasions during her tenure. Even assuming arguendo that Defendant's objections to Plaintiff's failure to identify a specific time frame or serious medical condition are well founded, Defendant is still required to either qualify its answer, or deny only the objectionable part of the Request.

### b.      Request for Admission No. 8

Request for Admission No. 8 requests that Defendant: "Admit or Deny that Plaintiff's supervisor was aware of Plaintiff's disability." Defendant's responded: "Defendant objects to this Request because it is vague and ambiguous, and fails to identify any particular time frame or disability at issue. Defendant further objects to the extent that defining the term "disability" calls for a legal conclusion. Because the Request is not properly limited, Defendant must respond as follows: deny." It is entirely unclear how this request is somehow vague or ambiguous. Defendant's boilerplate assertions have no utility besides acting as a waiver of its objections.[11] Further, Rule 36(a)(1)(A) expressly permits Plaintiff to seek admissions on the application of law to fact. Defendant's characterization of "disability" as a pure legal conclusion is meritless. In any event, Defendant cannot simply deny a request for admission in the manner it did.

### c.      Request for Admission No. 15

Request for Admission No. 15 asks: "Admit or Deny that Defendant's FMLA leave policy did not authorize the termination of Plaintiff while she was on FMLA leave." Defendant responded: "Defendant objects to this Request to the extent that it assumes Plaintiff was employed by Defendant. Defendant further objects to this Request because it is compound. Thus,

---

[11] *Grant v. CRST Expedited, Inc*., No. 1:18- CV-433, 2021 WL 2099309, at *2 (E.D. Tex. Feb. 19, 2021) (collecting cases); *see also e.g., Lopez v. Don Herring Ltd*., 327 F.R.D. 567, 583 (N.D. Tex. 2018) ("Serving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions…").

Defendant responds as follows: deny, as to all parts." First, it is unclear how Plaintiff's request is compound. It is not. But even if it were, Defendant is not relieved of its obligation to respond to the Request. Similarly, Defendant's objection concerning Plaintiff's actual employer does not relieve it of its obligation to fairly respond to the requests. Defendant repeatedly limited its responses to Plaintiff's discovery, claiming Defendant, MoneyGram International, Inc., was not Plaintiff's employer, but that it would respond on behalf of MoneyGram Payment Systems, Inc. ("MPSI"), who Defendant claims is Plaintiff's employer. It is unclear why when responding to Plaintiff's requests for admission, however, Defendant did not similarly qualify its responses.

## V.   <u>INTERROGATORY VERIFICATION</u>

Defendant has not served a signed verification stating that the individual who answered Plaintiff's Interrogatories did so under oath, as required by Fed. R. Civ. P. 33(b)(3). Plaintiff requests the Court compel Defendant to provide a verification compliant with Fed. R. Civ. P. 33.

## VI.   <u>PRIVILEGE LOG</u>

Defendant's asserts privilege or protection objections to wide swaths of Plaintiff's discovery but has not provided information about the nature of the information it claims is privileged or protected, as required by Fed. R. Civ .P. 26(b)(5)(A). *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018). In many cases, Defendant asserts privilege/protection objections on topics in which there is likely no basis to do so, *e.g.* basic information about the parties to conversations, dates, locations, times, or job duties. Plaintiff requests the Court compel Defendant to remove improper privilege and protection objections, provide any non-privileged or protected information, and provide a privilege log compliant with Fed. R. Civ. P. 26(b)(5)(A).

## VII.   <u>REQUEST FOR REIMBURSEMENT OF FEES AND EXPENSES</u>

If a motion to compel is granted, the Court must require the resisting party and/or its

attorney "to pay the movants reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff respectfully request that the Court grant Plaintiff's Motion and compel Defendant to cure each of the issues identified herein. Should the Court grant Plaintiff's Motion, or if Defendant provides the discovery at issue subsequent to the filing of this Motion, Plaintiff further requests that the Court sanction Defendant for its failure to disclose by awarding Plaintiff reasonable attorney fees and expenses in connection with obtaining Defendant's discovery and granting such other relief within the Court's discretion.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs requests that the Court grant Plaintiff's Motion.

Dated: April 2, 2024                          Respectfully submitted,


By:*/s/ Lisa Ventress*
    Lisa Ventress
    THE VENTRESS FIRM, P.C.
    1322 Space Park Drive, Suite C222
    Houston, Texas  77058
    Telephone:  832.240.4365
    lisa@theventressfirm.com
    **ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF CONFERENCE</u>

      Pursuant to Local Rule 7.1(b), prior to filing this Motion, the undersigned conferred with counsel for Defendant via telephonic conference on March 27, 2024 and via email on March 28, 2024, concerning Defendant's outstanding discovery and the potential filing of this Motion. As of the time of this filing, Counsel for Defendant has not been responsive and has not cured these deficiencies.

                                            */s/ Lisa Ventress*
                                            Lisa Ventress

## <u>CERTIFICATE OF GOOD FAITH</u>

Pursuant to Fed. R. Civ. P. 37(a)(1), I hereby certify that I have in good faith met and conferred with counsel for Defendant on several occasion both telephonically and in written correspondence in an effort to obtain the discovery at issue without court intervention.


*/s/ Lisa Ventress*
Lisa Ventress

## <u>CERTIFICATE OF SERVICE</u>

On April 2, 2024, a true and correct copy of the foregoing document was served via the court's e-filing system, on all counsel of record, including:

Marcia N. Jackson
State Bar No. 24008411
marcia.jackson@wickphillips.com
Dana M. Hilzendager
Texas Bar No. 24106099
dana.hilzendager@wickphillips.com
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204

**ATTORNEYS FOR DEFENDANT**

*/s/ Lisa Ventress*
Lisa Ventress